HAROLD GREENBURG et al., Plaintiffs-Appellants, v. SHERWOOD WOLF, a/k/a BUD WOLF, Defendant-Appellee.

(No. 57894;

First District (4th Division)—April 24, 1974.

Henry A. Waller, of Bernstein & Waller, of Chicago, for appellants.

Mullin and Devine, of Chicago (Thomas J. Shannon and Gerald B. Mullin, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an action pursuant to section 13 of the Securities Law of 1953 (Ill. Rev. Stat. 1973, ch. 121½, par. 137.13) to void the sale of securities and to recover the purchase price, plus interest and attorney's fees, on the ground that the securities were not registered with the Secretary of State as required by law. The plaintiffs moved for summary judgment on the theory that the defendant had violated the statute by failing to register the securities and by failing to qualify either the securities or the transaction in which they were sold as exempt from registration. The defendant countered with his own motion for summary judgment in which he asserted that the stock was sold in a transaction exempt from registration. Following a hearing, the court denied the plaintiffs' motion and entered summary judgment in favor of the defendant. It is from this judgment that the plaintiffs bring the present appeal.

The material facts are not in dispute. In December 1968 the defendant informed Harold Greenburg that he was about to engage in a venture to distribute a photographic and electronic burglar security device. He stated that he had negotiated with the manufacturer to establish an exclusive territory in several midwestern states and the State of Florida. Greenburg indicated that he would like to participate in the venture, and the defendant said that he would obtain suitable personnel and office space to market the device.

Subsequently it was decided that the defendant would form an Illinois corporation, to be called Photo-Scope Electronics of Wisconsin, Inc., as the vehicle through which the security systems would be sold and installed. The plaintiffs and the defendant entered into a preorganization subscription agreement in which they agreed that each of the plaintiffs would purchase 875 shares of stock at a price of $1 per share and that each would lend the corporation $1625. This subscription agreement was not registered with the Secretary of State. The plaintiffs gave the defendant a check for $5000 to cover the cost of the stock to be purchased by both of them ($1750) and the loans to be made by both ($3250). The defendant endorsed this check and cashed it.

No corporation was ever formed pursuant to the preorganization agreement, and on April 28, 1969, the parties to the present action and other investors, a total of 13, agreed instead to utilize their respective investments to fund an existing Illinois corporation known as Photo-Scope Electronics of Illinois, Inc. The subscription agreement between the plaintiffs and defendant was cancelled, and each of the plaintiffs was issued a sufficient number of shares of Photo-Scope Electronics of Illinois to give him an interest commensurate with that which he would have had in Photo-Scope Electronics of Wisconsin. At a shareholders' meeting held the same day the defendant was elected president and a director of

Photo-Scope Electronics of Illinois, and Harold Greenburg was elected secretary and a director.

On July 1, 1969, the plaintiffs sent a registered letter to the defendant demanding that he return their $5000, plus interest. The defendant did not respond, and on April 9, 1970, the plaintiffs filed their complaint. They alleged that the subscription agreement concerning Photo-Scope Electronics of Wisconsin had not been registered with the Secretary of State in violation of the Securities Law of 1953, that no corporation had even been formed and that therefore they were entitled to avoid the agreement and recover their money, plus interest and attorney's fees. The defendant answered by admitting that no corporation had been formed under the subscription agreement and that the agreement had not been registered with the Secretary of State. He asserted, however, that the agreement was exempt from registration and prayed that the action be dismissed.

The sole issue presented to this court is whether the preorganization subscription agreement concerning Photo-Scope Electronics of Wisconsin, Inc., was exempt from the registration requirements of the Securities Law. The parties agree that the subscription agreement was a "security" as defined by section 2—1 of the act (Ill. Rev. Stat. 1973, ch. 121½, par. 137.2—1) and that there was a "sale" within the meaning of section 2—5. (Ill. Rev. Stat. 1973, ch. 121½, par. 137.2—5.) The area of disagreement centers upon the exemption established by section 4M. Ill. Rev. Stat. 1973, ch. 121½, par. 137.4M.

Section 4M provides that the sale of subscriptions for shares of stock of a corporation, or the shares themselves, prior to incorporation shall be exempt from the registration requirement established in section 5 (Ill. Rev. Stat. 1973, ch. 121½, par. 137.5) so long as no commission or other remuneration is paid on account of the sale and the number of subscribers does not exceed 25. In the present case, it is undisputed that the subscription agreement was executed and the purchase price of the stock was paid prior to incorporation. The defendant averred in his affidavit that at no time did the number of subscribers exceed 25, and in fact was 13, and that he received no commission or other remuneration in connection with the sale. The affidavits of Harold Greenburg, filed in behalf of the plaintiffs, contained no allegation to the contrary.

It appears from the foregoing that the defendant made a bona fide effort to comply with the requirements of section 4M and was entitled to the exemption provided for therein. The plaintiffs contend, however, that section 4M is intended to apply only to those situations in which a corporation is actually formed and thus that the agreement is not exempt. Such a construction is necessary, they argue, because otherwise the defendant or any other promoter "could avoid the thrust and intent of the

[Securities Law] by obtaining funds, from no more than 25 persons, without commissions, in consideration for the formation and issuance of stock in the proposed corporation and never form the corporation." In such a situation the plaintiffs "would not only be barred from recovering their investment [but also would] be barred from exercising, as shareholders when the corporation is formed, control over their investment."

■■ We find this argument unpersuasive. If a situation of the type envisioned by the plaintiffs were to arise, we believe that an aggrieved subscriber would be afforded an adequate remedy by an action upon the subscription agreement itself or, if appropriate under the circumstances, in an action at law based upon fraud. The language of section 4M stating the requirements for the exemption is plain, and we see nothing that would enable us to engraft the additional requirement sought by the plaintiffs.

In the present case, the plaintiffs have alleged no breach of the subscription agreement. Rather, it appears that they acquiesced in its cancellation and accepted in lieu of their rights in it the shares of Photo-Scope Electronics of Illinois which were issued to them. They alleged no fraud or misrepresentation on the part of the defendant, but based their action solely upon the theory that the defendant, though acting in good faith, failed to comply with the Securities Law and therefore that they were entitled to the relief specified in section 13. We have reviewed the pleadings and affidavits contained in the record, and we are satisfied that the defendant met the requirements of section 4M and that the subscription agreement was exempt from registration. This being so, there was no violation of the act, and the trial court was correct in granting the defendant's motion for summary judgment.

In conclusion we note that the plaintiffs have not alleged either in the trial court or on appeal that the subsequent issue of stock in Photo-Scope Electronics of Illinois in any way violated the Securities Law. This is understandable because it appears from the record that they and the other investors voluntarily abandoned their plan to form Photo-Scope Electronics of Wisconsin and agreed instead to fund Photo-Scope Electronics of Illinois. We wish to make it clear, however, that our discussion and holding in the present case is limited to the preorganization subscription agreement concerning Photo-Scope Electronics of Wisconsin, Inc.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur.